IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TRANSAMERICA LIFE<br>INSURANCE COMPANY,<br><br>   Plaintiff,<br><br>v.<br><br>LETRON BELL, JACQUELYN<br>HAMILTON, LARICO POPE,<br>L.S., a minor, M.B., a minor, and<br>M.B., a minor,<br><br>   Defendants. | CIVIL ACTION FILE<br><br>NO. 1:19-CV-1552-MHC |

## ORDER

This case is before the Court on Defendants' Motion for Summary Judgment ("Motion for Summary Judgment") [Doc. 32].[1]

## I.  PROCEDURAL HISTORY

This action in interpleader was filed on April 5, 2019, to resolve potentially conflicting claims to life insurance benefits payable by reason of the death of Lisa

---

[1] The Motion for Summary Judgment is filed on behalf of all Defendants except Defendant Letron Bell ("Bell"): Jacquelyn Hamilton ("Hamilton"), Larico Pope ("Pope"), L.S., M.B, and M.B. (collectively, the "Movant Defendants"). Id.

Samuel ("the Decedent"), pursuant to a term life insurance plan issued by Plaintiff Transamerica Life Insurance Company ("Transamerica"), policy number 43135571 ("the Policy") [Doc. 1-1]. Compl. [Doc. 1] ¶ 1. Transamerica filed the interpleader action because of the possibility that Bell could be disqualified from receiving life insurance benefits, thereby affecting the distribution of benefits and potentially exposing Transamerica to double liability. Compl. ¶ 2.

On June 14, 2019, this Court granted Transamerica's unopposed motion authorizing it to deposit into the registry of the Court funds representing the death benefits remaining on the Decedent's Policy. June 14, 2019, Order [Doc. 30]. On June 28, 2019, Transamerica deposited $748,966.24 into the registry of the Court.

## II.   BACKGROUND[2]

The Decedent died on January 21, 2018, as the result of a gunshot wound inflicted by Bell. Compl. ¶¶ 18, 20, 22-24; Death Certificate [Doc. 1-3] (indicating that the Decedent died as the result of a gunshot wound on Jan. 21, 2018); Final Disposition and Felony Confinement Sentence of Letron Jemone Bell (July 9,

---

[2] At the outset, the Court notes that as this case is before it on Defendants' Motion for Summary Judgment, the Court views the evidence presented by the parties in the light most favorable to the non-movant, Bell, and has drawn all justifiable inferences in favor of the non-movant. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Sunbeam TV Corp. v. Nielsen Media Research, Inc., 711 F.3d 1264, 1270 (11th Cir. 2013).

2019) ("Sentencing Form") [Doc. 32-5]; Defendants' Statement of Material Facts in Support of Motion for Summary Judgment ("Defs.' SMF") [Doc. 32-2] SMF ¶¶ 3, 9, 12. Bell was convicted in the Superior Court of Rockdale County of voluntary manslaughter in connection with the death of Decedent. Sentencing Form; Defs.' SMF ¶¶ 4, 7-9, 12. The Policy insuring the Decedent's life has a death benefit of $1 million. Compl. ¶ 1.

The Decedent elected to list the following six individuals as beneficiaries under the Policy, entitling them to the corresponding percentages of the life insurance proceeds: (1) Bell (the Decedent's husband) – 30%; (2) Jacquelyn Hamilton (the Decedent's mother) – 5%; (3) Larico Pope (the Decedent's son) – 26%; (4) L.S., (the Decedent's minor daughter) – 25%; (5) M.B (the Decedent's minor daughter) – 7%; and (6) M.B. (the Decedent's minor son) – 7%. Id. ¶ 16; Beneficiary Designation Form (Nov. 3, 2016) [Doc. 1-2]. As a result of Decedent's death, death benefits in the amount of $1 million became due and payable. Compl. ¶ 21. To date, Transamerica has paid two of the designated beneficiaries. Transamerica paid Hamilton $50,787.96 representing her 5% of the life insurance proceeds. Defs.' SMF ¶ 5; Compl. ¶ 28. Transamerica paid Pope $264,097.43 representing his 26% of the life insurance proceeds. Defs.' SMF ¶ 6; Compl. ¶ 29.

A.   **Requests for Admission**

The Movant Defendants have presented as "admitted" and "conclusively established," a list of requests for admission which they served on Bell and to which they contend he has failed to respond. Br. in Supp. of Mot. for Summ J. ("Summ. J. Br.") [Doc. 32-1] at 4-6; Movant Defs.' First Request For Admission ("Req. for Admission") [Doc. 32-13]. The Movant Defendants' attempt to establish Bell's "non-response" to these Requests for Admission as undisputed fact is problematic because, as the Movant Defendants acknowledge, Bell did respond to the Requests for Admission. See Summ. J. Br. at 4-5 (acknowledging that counsel for the Movant Defendants received a "response from Mr. Bell in reference to the Requests for Admission.").

The letter Bell sent in response to the Requests for Admission states, among other things, that Bell had not yet had his criminal trial when Transamerica last contacted him and, therefore, he could not talk about the case. Letter from Letron Bell (Sept. 4, 2019) [Doc. 32-4]. In the letter, Bell also unequivocally states that he has not waived his "claim for anything," and notes that he is appealing his criminal case and is "not going to waive anything." Id. Thus, giving Bell the benefit of his *pro se* status and recognizing that he did respond to the Requests for Admission, clarifying that he did not waive anything and that he was actively

4

appealing his related criminal conviction, the Court rejects the Movant Defendants' assertion that their Requests for Admission should be deemed admitted.

Further, the Court notes that several of the Requests for Admission seek the admission of legal conclusions, which are the ultimate issues in this case. See, e.g., Req. for Admission No. 6 ("Admit that you are barred from recovering any insurance proceeds in this action by O.C.G.A. § 53-1-5."), 7 ("Admit that the death of Ms. Lisa Samuel constitutes a "felonious killing" as contemplated by O.C.G.A. § 53-1-5."), 10 ("Admit that your Rockdale County conviction in The State of Georgia v. LeTron Bell is conclusive proof that you are barred from recovery by O.C.G.A § 53-1-5."). However, "[a] party may not request an admission of a legal conclusion under Rule 36, but only facts, the application of law to fact, or opinions about either. In re Tobkin, 578 F. App'x 962, 964 (11th Cir. 2014) (citation and quotation omitted); see also United States v. Block 44, Lots 3, 6, Plus W. 80 Feet of Lots 2 & 5, 177 F.R.D. 695, 695 (M.D. Fla. 1997) (citation omitted) ("A request for admission of a conclusion of law is improper."). Accordingly, the Court does not find that the requests for admission are deemed admitted. See United States v. $172,760.00 in U.S. Funds, CIV.A. 7:06-CV-51HL, 2007 WL 4557776, at *1 (M.D. Ga. Dec. 20, 2007) (finding a request for admission "not deemed admitted because it seeks a legal conclusion, which is improper under Rule 36.").

5

### B.     Statement of Material Facts

Similar to the requests for admission, the Movant Defendants have improperly presented several legal conclusions as fact in their Statement of Material Facts. See Defs.' SMF ¶¶ 10 ("Mr. Bell is barred from recovering any insurance proceeds in this action by O.C.G.A. § 53-1-5."), 11 ("The death of Ms. Lisa Samuel constitutes a "felonious killing" as contemplated by O.C.G.A. § 53-1-5."). These are legal conclusions rather than factual allegations and Local Rule 56.1B(1)(c) "bars the submission of legal conclusions in the guise of a statement of material undisputed facts." Mak v. Argent Mortgage Co., LLC, No. 1:07-CV-02806-JOF, 2009 WL 2997916, at *1 (N.D. Ga. Sept. 15, 2009); see also LR 56.1B(1)(c), NDGa (stating that "[t]he Court will not consider any fact" in a the statement of material facts which is "stated as an issue or legal conclusion."). Consequently, even though Bell has not responded to the Movant Defendants' Statement of Material Facts, the Court will not consider as fact the bare assertions that (1) Bell is barred from recovering insurance proceeds under O.C.G.A. § 53-1-5, and (2) the death of the Decedent constitutes a felonious killing under O.C.G.A. § 53-1-5. These are legal conclusions that, without factual support in the record, cannot support summary judgment as a matter of law.

Further, the Movant Defendants have listed at least two facts for which they have not provided a supporting citation to the evidence. See Defs.' SMF ¶¶ 9 ("Mr. Bell's actions intentionally caused the death of Ms. Lisa Samuel a/k/a Lisa Bell."), 12 ("Ms. Bell's killing was caused by Mr. Bell."). Moreover, it appears that these facts are premised on the requests for admission, discussed above, which the Court does not deem admitted.

Accordingly, the Court has excluded these assertions of fact because they are either legal conclusions or are not supported by citations to evidence. See LR 56.1B(1), NDGa.

## III. LEGAL STANDARD

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A party seeking summary judgment has the burden of informing the district court of the basis for its motion and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions," and cannot be made by the district court in considering whether to grant summary judgment. Anderson v. Liberty

Lobby, Inc., 477 U.S. 242, 255 (1986); see also Graham v. State Farm Mut. Ins. Co., 193 F.3d 1274, 1282 (11th Cir. 1999).

If a movant meets its burden, the party opposing summary judgment must present evidence demonstrating a genuine issue of material fact or that the movant is not entitled to judgment as a matter of law. Celotex, 477 U.S. at 324. In determining whether a genuine issue of material fact exists, the evidence is viewed in the light most favorable to the party opposing summary judgment, "and all justifiable inferences are to be drawn" in favor of that opposing party. Anderson, 477 U.S. at 255; see also Herzog v. Castle Rock Entm't, 193 F.3d 1241, 1246 (11th Cir. 1999). A fact is "material" only if it can affect the outcome of the lawsuit under the governing legal principles. Anderson, 477 U.S. at 248. A factual dispute is "genuine" if the evidence would permit a reasonable jury to return a verdict for the nonmoving party. Anderson, 477 U.S. at 248. "If the record presents factual issues, the court must not decide them; it must deny the motion and proceed to trial." Herzog, 193 F.3d at 1246. But, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party," summary judgment for the moving party is proper. Matsushita, 475 U.S. at 587.

No party has filed an opposition to Defendants' Motion for Summary Judgment, indicating it is unopposed. See LR 7.1B ("Failure to file a response

shall indicate that there is no opposition to the motion."). Despite the lack of opposition, the Court must still consider the merits of the motion. See <u>United States v. 5800 SW 74th Ave.</u>, 363 F.3d 1099, 1101 (11th Cir. 2004) ("[T]he district court cannot base the entry of summary judgment on the mere fact that the motion was unopposed, but, rather, must consider the merits of the motion"). This is because the Federal Rules of Civil Procedure provide that where "the adverse party does not respond, summary judgment, if appropriate, shall be entered against the adverse party." FED. R. CIV. P. 56(e).

## IV.   ANALYSIS

The Movant Defendants argue that Bell should be barred from recovering any life insurance benefits after his conviction for voluntary manslaughter of the Decedent. Summ. J. Br. at 6-9 (citing, *inter alia*, O.C.G.A. § 33-25-13). O.C.G.A. § 33-25-13, known as the "slayer statute," precludes any person who commits murder or voluntary manslaughter from receiving benefits from a life insurance policy that insured the decedent:

> No person who commits murder or voluntary manslaughter or who conspires with another to commit murder shall receive any benefits from any insurance policy on the life of the deceased, even though the person so killing or conspiring be named beneficiary in the insurance policy. A plea of guilty or a judicial finding of guilt not reversed or otherwise set aside as to any of such crimes shall be prima-facie evidence of guilt in determining rights under this Code section. All right, interest, estate, and proceeds in such an insurance policy shall go

9

to the other heirs of the deceased who may be entitled thereto by the laws of descent and distribution of this state, unless secondary beneficiaries be named in the policy, in which event such secondary beneficiaries shall take.

O.C.G.A. § 33-25-13. In order to be prima facie evidence of guilt, the plea or judicial finding must not be "reversed or otherwise set aside." Id. In other words, a conviction of murder or voluntary manslaughter may serve as prima facie evidence of guilt in a civil proceeding brought pursuant to O.C.G.A. § 33-25-13 to bar an individual's ability to collect life insurance proceeds only after "either the exhaustion of the individual's right to a direct appeal or the expiration of time within which a first direct appeal could have been timely filed." Slakman v. Cont'l Cas. Co., 277 Ga. 189, 190 (2003).

In this case, there is no evidence that Bell has exhausted his right to directly appeal his conviction of voluntary manslaughter, nor is there evidence that the time within which to do so has passed. To the contrary, the evidence presented by the Movant Defendants indicates that Bell is appealing his conviction. See Letter from Letron Bell; see also Summ. J. Br. at 8 (acknowledging that "Mr. Bell's conviction is not final pending appeals and is not considered prima facie evidence of guilt."). Accordingly, Bell's conviction does not, at this time, constitute "prima facie" evidence of his guilt in determining the parties' rights under O.C.G.A. § 33-25-13.

Alternatively, "an individual may be barred from receiving the benefits of a life insurance policy even in the absence of a criminal conviction if it is determined under the appropriate standard of proof that the individual committed murder or voluntary manslaughter or conspired to commit murder." Slakman, 277 Ga. at 190. The Movant Defendants argue that Bell, by his failure to respond to the requests for admission propounded upon him, "has admitted that he is solely, proximately, and directly responsible for the death of [Decedent], the insured in this matter, and that "Mr. Bell has admitted that he is barred from recovery, his actions intentionally caused the death of Ms. Samuel, and that he is barred from recovery of any benefits of the contested insurance policy." Summ. J. Br. at 8.

The Movant Defendants' entire argument is based on requests for admission that this Court has declined to deem admitted and statements of fact that are either stated as legal conclusions or are without factual support. The Movant Defendants have offered no evidence that this Court can consider other than the evidence of Bell's conviction, and attempt to preclude Bell's recovery of life insurance benefits before he has had an opportunity to directly appeal his conviction. However, O.C.G.A. § 33-25-13 explicitly "affords an individual the opportunity to challenge a criminal conviction through a direct appeal before imperiling his rights to any insurance benefits." Slakman, 277 Ga. at 190. Accordingly, based on the

11

undisputed evidence currently before the Court viewed in a light most favorable to Bell, the Court finds that the Movant Defendants have presented insufficient evidence to support the conclusion that Bell committed voluntary manslaughter such that he is barred from receiving life insurance benefits under O.C.G.A. Judge § 33-25-13 at this time.

## V. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that the movant Defendants' Motion for Summary Judgment [Doc. 32] is **DENIED WITHTOUT PREJUDICE**.

**IT IS SO ORDERED** this 3rd day of February, 2020.

*Mark H. Cohen*
MARK H. COHEN
United States District Judge